IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR ~Southern DISTRICT OF ~Florida~

**VLADIMIR GOLDSHTEYN** and
**MARINA BARTACHNIK**
6131 NW 30th Ave
Boca Raton, FL 33496

**Plaintiffs**

vs.

**AMERICAN AIRLINES**
4333 Amon Carter Boulevard, Fort Worth, TX 76155,
PO Box 66138 Chicago, IL 60666, (773) 686-5510.

**Defendant**

Case No. 1:22-cv-_____

FILED BY_____ D.C.

AUG 04 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**JURY DEMAND ON ALL COUNTS**

**COMPLAINT AT LAW**

**NOW COMES** the above-named Plaintiffs, VLADIMIR GOLDSTHEYN and MARINA BARTASHNIK, *in propria persona* and as their Complaint at Law pursuant to Articles 19 and 22 of the Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 for actual, general, punitive, statutory, incidental and consequential damages for violation of the Article 19 of said Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention[1]), *reprinted in* S. Treaty Doc. No. 106-45; against the above-named defendant, **AMERICAN AIRLINES GROUP INC** (hereinafter referred to as **"AMERICAN AIRLINES"**), jointly and severally, alleges as follows:

I. JURISDICTION:

---

[1] https://www.state.gov/e/eb/rls/othr/ata/114157.htm

Respectfully submitted by
Plaintiff/ *In Propria Persona*

BY: *Vladimir Goldshteyn.*
/S/ VLADIMIR GOLDSHTEYN

**P.O. Business Address:**
6131 NW 30th Ave.,
Boca Raton, FL 33496.

Respectfully submitted by
Plaintiff/ *In Propria Persona*

BY: *Marina Bartashnyk.*
/S/ MARINA BARTASHNYK

**P.O. Business Address:**
6131 NW 30th Ave.,
Boca Raton, FL 33496.

## CERTIFICATE OF SERVICE:

I hereby certify that on ___8/4___, 2023 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

BY: **Vladimir Goldshteyn.**
/S/ VLADIMIR GOLDSHTEYN

This Complaint at Law is drafted
by Atty Vladimir Gorokhovsky, LL.M.
of Gorokhovsky Law Office LLC
WIS. SBN 1036040
1881 New Port Vista Drive
Grafton, WI 53024
(414)-581-1582
gorlawoffice@yahoo.com
Pro Hac Vice petition is forthcoming

1. That this civil action arises under the Article 19 of Montreal Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, which is supreme law of this land,[2] and the defendants are legally bound by its terms and conditions pursuant to 14 CFR §203.4 (Montreal Agreement as part of airline-passenger contract and conditions of carriage) and 14 CFR §203.5 (Compliance as condition on operations in air transportation).

2. That the above-named plaintiffs are hereby seeking to recover their economic out-of pocket actual, general, special, incidental and consequential damages in aggregate sum not exceeding $7251.65 per passenger in total sum of $28,966; or alternatively, in the sum to be ascertained and proven at trial from the above-named defendants, jointly and several, for delay in international air transportation; as well as under other legal theories incorporated herein under the doctrine of pendent jurisdiction.

3. That the above-named defendant airlines are doing business within the jurisdiction of the United States District Court for Northern District of Illinois.

4. That the matter in controversy exceeds $6,402.71 per plaintiff exclusive of interest and costs, in that all the above-named Plaintiffs are alleging actual, general, special, incidental and consequential damages in the sum of $28,966 or in alternative in the sum not yet certain but to be ascertained and proven at trial.

5. That the court's jurisdiction is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337 and the doctrine of pendent jurisdiction.

---

[2] http://www.state.gov/e/eb/rls/othr/ata/114157.htm

6. That venue is properly invoked under 28 U.S.C. § 1391(b)(2) and (3); as well as pursuant to Art 33(1) of the Montreal Convention.

## II. PARTIES:

7. That the above-named Plaintiffs, VLADIMIR GOLDSTEYN and MARINA BARTASHNIK, are repeating, re-alleging, and adopting §§ 1-6 of preceding section titled "Jurisdiction" as set forth fully herein and incorporates them by reference:

8. That, at all times material hereto, and is now the above-named plaintiffs VLADIMIR GOLDSTEYN and MARINA BARTASHNIK were an adult, competent citizens of the United States of America, domiciled at: 6131 NW 30th Ave., Boca Raton, FL 33496.

9. That the above-named defendant **AMERICAN AIRLINES** is believed to be a domestic "community carrier" with headquarters located at 4333 Amon Carter Boulevard, Fort Worth, TX 76155, and with local place of business located at PO Box 66138 Chicago, IL 60666, (773) 686-5510.

10. That the above-named defendant domestic is believed to be domestic "community carrier" and an air carrier domiciled in Mexico and is doing business in the United States and in particular through its high volume travel hub located at O'Hare International Airport, Chicago, Illinois, servicing and operating hundreds of international air fare flights between Chicago and Mexico

11. That the above-named defendant is domiciled at the country - signatory to the Montreal Convention.[3]

---

[3] "The decision to ratify the Montreal Convention, which introduces a modernized and uniform legal framework governing airline companies' liability in the event of damage caused to passengers, baggage or goods during international journeys, codified by

Page 3 of 16

III. STATEMENT OF CLAIM:

12. That the above-named Plaintiffs, VLADIMIR GOLDSTEYN and MARINA BARTASHNIK, are repeating, re-alleging, and adopting §§ 1-11 of preceding sections of this entire Complaint at Law, including but not limited to Jurisdiction Section and Parties Sections, as set forth fully herein and incorporates them by reference:

13. That at all times material hereto the above-named Plaintiffs purchased four (4) international air fare tickets at the aggregated price of $1500.00 for both passengers for international airfare transportation to be performed on December 24, 2022 from Miami to Tel Aviv and returning to the USA on January 4, 2023.

14. That the United States of America and Israel are signatories to the Montreal Convention.[4]

15. That, on January 4, 2023 defendant flight AA53 from Tel Aviv to Miami was delayed on departure for many hours and was cancelled.

16. That, upon information and believe, such cancelation of defendant's flight AA53 operated by AMERICAN AIRLINES on January 4, 2023 from Tel Aviv to Miami resulted from negligent maintenance of its aircraft.

17. That subsequently, the above-named Plaintiffs their re-routed by the defendant via different defendant's flight departing on the next day of January 5, 2023 and arrived to Miami on January 6, 2023 more than 24 hours late of their pre-scheduled arrival.

---

Council Decision 2001/539/EC of 5 April 2001 on the conclusion by the European Community of the Convention for the Unification of Certain Rules for International Carriage by Air" (the Montreal Convention) [Official Journal L 194 of 18.07.2001]; see http://europa.eu/legislation_summaries/transport/air_transport/l24255_en.htm
[4] http://legacy.icao.int/icao/en/leb/mtl99.pdf

18.  That due to late arrival the above-named Plaintiffs were compelled by AMERICAN AIRLINES to sustain pecuniary losses and out-of-pocket economic damages.

19.  That as a direct and proximate cause of delayed departure and or cancelation of defendant's flight AA53 from Tel Aviv to Miami the Plaintiffs were subjected to following economic damages:

1. Local lunches and foodstuffs         $980.60
2. Hotel accommodations                 $480.00
3. Purchase of water                    $30.00
4. Purchase of needed medication        $50.00
5. Purchase of substituted items of clothing    $300.00
6. Local ground transportation expenses $125.00
7. International phone calls and e-mails    $200.00
8. Parking                              $50.50
9. Loss of wages from clients employment    $1200.00
10. Loss of business opportunity        $20,000.00

20.  That further please further note that the Plaintiff, MARINA BARTASHNIK is a relator and is a top producer with Douglas Elliman, she had 3 meetings scheduled on the date of plaintiff's supposed arrival all of which subsequently had to be canceled and business was lost as a result of the flight cancellation. The clients were all looking to purchase and or rent South Florida properties from $800,000-$2,500,000.00. Also plaintiffs' delayed arrival has resulted in them having to continue boarding their 75 lbs dog at a penalty rate of $200. They also had to incur late charges with the automobile being parked extra day and night at a rate of $150. They had tutors that come to their house, that also charges them penalty in form of untimely cancelation fees for lessons canceled less than 24H at a rate of $300.00.

21.  That therefore, the total expenses amounts to the sum of $24,065.50.

22. That upon their late arrival from Tel Aviv to Miami the above named Plaintiffs missed 2 days of their employment suffering loss of wages in the total sum of $1.200.

23. That the total actual economic financial loss as incurred by both Plaintiffs amounts to the sum of $24,065.50.

24. That during their ordeal at Ben Hurion Tel Aviv International Airport, the above-named Plaintiffs were subjected to reckless or willful indifference by locally stationed personnel of the above-named defendant airline, who refused to provide any meaningful travel accommodations to the above-named Plaintiffs.

25. That subsequently, they arrive to their destination of Miami Florida, being more then 24 hours late; and due to such late arrival the Plaintiffs sustained actual out-of pocket economic damages in the sum to be proven at trial.

26. That, thereafter upon late arrival at Miam, Florida, USA the above-named Plaintiffc' served a local office of defendant airlines with their Demand for Compensation, requesting pecuniary compensation mandated by Art 19 and Art 22 of the Montreal Convention.

27. That, upon information and believe, said pre-suit demand was ignored or rejected by the above-named defendant airline.

**COUNT ONE:**
<u>Cause of Action for Damages Caused by Delay or Cancellation of International Airfare Pursuant to Article 19[5] of the Montreal Convention</u>

---

[5] See, <u>Article 19 of the Montreal Convention</u>, holding that "The carrier is liable for damages occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." <u>Id</u>.

As a separate cause of action against the above-named Defendant, AMERICAN AIRLINES, jointly and severally, the above-named Plaintiffs, VLADIMIR GOLDSTEYN and MARINA BARTASHNIK, are hereby alleging as follows:

28. That the above-named Plaintiffs are hereby repeating, re-alleging, and adopting §§ 1-27 of preceding sections of this entire Complaint at Law as set forth fully herein and incorporates them by reference:

29. That pursuant to Article 19 of the Montreal Convention , the above-identified defendant airline is liable for economic damages caused by delay or cancellation of international carriage of passengers.

30. That as a direct and proximate cause of cancelation of defendant's flight AA53 operated by defendant on January 4, 2023 from Tel Aviv, Israel to Maimi, Florida, USA, as well as denial of travel-related benefits due to Plaintiff under the terms of applicable Agreements for International Carriage, the above-named Plaintiffs incurred financial injuries and actual economic money damages; as well as was subjected to physical exhaustion, discomfort, anxiety, loss of time, loss of wages, loss of use of their monies, and was subjected to various actual, general, special, incidental and consequential damages in the amount to be ascertained and proven at trial.

31. That pursuant to Articles 19 and 22 of the Montreal Convention the above-named defendant AMERICAN AIRLINE is liable to Plaintiffs for their economic damages caused by the above-identified delays and or cancellations of international airfare occurred in route between countries – signatories to the Montreal Convention.

32. That, as direct and proximate cause of the above-identified delays in international airfares, the above-named Plaintiffs sustained compensable economic actual and general damages and financial injuries in the sum to be proven at trial.

33. That, as a direct and proximate cause of said breach of international airfare transportation agreement, perpetrated by the above-named defendant, jointly and severally, the above-named Plaintiffs were needlessly subjected to actual, general, special, incidental and consequential pecuniary damages, including but not limited to travel cancellation expenses, loss of benefit of their travel bargain, physical inconvenience, physical discomfort, pain, exhaustion, loss of time, frustration of purpose to travel, anxiety, frustration, uncertainty, loss of wages, loss of use of money and other cognizable legal damages, losses and injuries.

34. That, upon information and believe, at all times material hereto the above-named defendants were duly served with formal Notices of Claim submitted in accordance with Article 22(6) of the Montreal Convention for damages caused by defendant's breach of transportation agreement and delay in international transportation.

35. That, upon information and believe, said notice of claim was ignored by the above-named defendants.

36. That due to failure to answer pre-suit settlement claims on the part of all the above-named defendant, the above-named Plaintiffs are entitled to reasonable attorneys fees pursuant to the Article 22(6) of the Montreal Convention. [6]

---

[6] Montreal Convention preserved the so-called "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments. To that extent settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments was codified in the Article 22(6) of the Montreal Convention, which states as follows:
> "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law [6], in addition, the whole or part of the court costs and of the other

**WHEREFORE** the above-named Plaintiffs, VLADIMIR GOLDSTEYN and MARINA BARTASHNIK,, are respectfully requesting this Court shall award the Final Order of Judgment against the above-named defendants, AMERICAN AIRLINES, jointly and severally, in the amount of actual damages in the sum not exceeding $7241,65 per passenger in aggregated sum of $28,966,60 for 4 passengers, pursuant to operation of Art 22(1) of the Montreal Convention; as well as an amount of general, special, incidental and consequential damages in the sum to be determined at trial; and reasonable amount of attorney's fees pursuant to Article 22(6) of Montreal Convention for failure to respond to written pre-suit settlement offer; and costs and disbursements of this action; and such other and further relief as the Court may deem just and proper.

**WHEREFORE,** both the above-named Plaintiffs, VLADIMIR GOLDSTEYN and MARINA BARTASHNIK, are hereby respectfully requesting this Honorable Court to award the final order of judgment in the sum of 5346 SDR per passenger[7], or in the sum $7,241.65[8] per passenger in aggregated sum of $28,966,60 for 4 traveling passengers against the above-named Defendant, AMERICAN AIRLINES GROUP INC, jointly and severally, for all the above-stated causes of action as follows:

---

expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later."

[7] https://www.federalregister.gov/documents/2020/01/17/2020-00713/inflation-adjustments-to-liability-limits-governed-by-the-montreal-convention-effective-december-28

[8] https://coinmill.com/SDR_USD.html#SDR=5346

1. The amount of actual and general damages in the sum of 5346 SDR[9] (Special Drawing Rights) or in the sum of $7,241.65 per passenger in aggregated sum of $28,966,60 [10] for 4 passengers, or in the sum to be proven at trial; and

2. Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of reasonable amount of attorney's fees in accordance with "settlement inducement provision" contained in Article 22(4) of the Hague Protocol amendments as incorporated by Article 22(6) of Montreal Convention for defendant's failure to respond to written notice of claim and to pre-suit settlement demand; and

3. Pursuant to the Rule 54(d)(2) of Federal Rules of Civil Procedure, an award of attorneys fees costs and disbursements of this action; and

4. Plaintiffs also moves this Court for scheduling of evidentiary hearing on the issue of award of attorney's fees and costs upon entry of order of judgment pursuant to Rule 54 (d)(1) and (2) of Federal Rules of Civil Procedure; and

5. Such other and further relief as the Court may deem just and proper.

PLEASE TAKE NOTICE that the above-named Plaintiffs, VLADIMIR GOLDSTEYN and MARINA BARTASHNIK, are hereby respectfully requesting the trial by jury on all counts asserted herein to which he is entitle by law.

Dated this Complaint-at-Law on this 16th day of April 2023.

---

[9] Federal Register: Inflation Adjustments to Liability Limits Governed by the Montreal Convention Effective December 28, 2019
[10] Convert Special Drawing Rights (SDR) and United States Dollars (USD): Currency Exchange Rate Conversion Calculator (coinmill.com)