United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Vladimir Goldshteyn and Marina Bartachnik, Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 23-22910-Civ-Scola ) ) |
| American Airlines, Defendant. | ) ) |

### Order Granting the Defendant's Motion to Strike

This matter is before the Court on the Defendant American Airlines' ("American Airlines") motion to strike the Plaintiffs Vladimir Goldshteyn and Marina Bartashnik's (collectively, "Plaintiffs") claims for emotional harm damages and attorney's fees. (Mot., ECF No. 18.) The Plaintiffs have responded opposing American Airlines' motion (Resp., ECF No. 28), and American Airlines has replied (Reply, ECF No. 29). Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** American Airlines' motion to strike. (**Mot., ECF No. 18**.)

1. **Background**

The Plaintiffs bring this action against American Airlines to recover the damages they incurred when their January 4, 2023, flight from Tel Aviv to Miami was cancelled, and, as a result, they were forced to wait until the next day, January 5, 2023, to return to the United States. (Am. Compl. ¶¶ 2, 15–18, ECF No. 9.) The Plaintiffs' one-count complaint is brought pursuant to Articles 19 and 22 of the May 28, 1999, Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"). (*Id.* ¶¶ 28–36.) They claim that their flight was cancelled because of American Airlines' "negligent maintenance of its aircraft," and that they were forced to incur "financial injuries and actual economic money damages; as well as [] subjected to physical exhaustion, discomfort, anxiety, loss of time, loss of wages, loss of use of their monies, and [] various actual, general, special, incidental and consequential damages[.]" (*Id.* ¶¶ 16, 30, 33.) In addition, the Plaintiffs claim that pursuant to Article 22(6) of the Montreal Convention, they are entitled to reasonable attorney's fees. (*Id.* ¶ 36.)

In its motion, American Airlines requests that the Court strike the Plaintiffs' requests for emotional harm damages and attorney's fees, arguing that neither is recoverable under the Montreal Convention nor under the facts

of this case. (*See generally* Mot., ECF No. 18.) In their response, the Plaintiffs concede that "'purely emotional damages[,]' such as damages for frustration, anguish, physical or mental upset independent of any physical injury[,] may not be recovered under the Montreal Convention," and, indeed, deny that they are seeking to recover damages for emotional distress, emotional harm, or "other non-economic[] damages." (Resp. 11, 13–14, ECF No. 28.) Accordingly, for this reason, the Court **grants** American Airlines' motion to the extent it seeks to strike the Plaintiffs' request for purely emotional damages. In addition, for the reasons explained below, the Court also **grants** American Airlines' request to strike the Plaintiffs' claim for attorney's fees.

2. **Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court has "broad discretion" when it considers a motion to strike under Rule 12(f). *See, e.g.*, *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (Ryskamp, J.). Rule 12(f) motions to strike are not favored, however, and are "regularly 'denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004)). "[A] prayer for relief not available under the applicable law is properly subject to a motion to strike." *Hodge v. Orlando Utils. Comm'n*, No. 6:09-cv-1059-Orl-19DAB, 2009 U.S. Dist. LEXIS 110464, at *11, 2009 WL 4042930, at *4 (M.D. Fla. Nov. 23, 2009) (citing 2 Moore's Federal Practice P 12.37[3] (3d ed. 2009)).

3. **Analysis**

As noted above, in their amended complaint, the Plaintiffs state that they are entitled to attorney's fees pursuant to Article 22(6) of the Montreal Convention. (Am. Compl. ¶ 36, ECF No. 9.) Specifically, they allege "[t]hat due to failure to answer pre-suit settlement claims on the part of all the above-named defendant, the above-named Plaintiffs are entitled to reasonable attorney's fees pursuant to the Article 22(6) of the Montreal Convention." (*Id.*) In a footnote, the Plaintiffs claim that this is so because Article 22(6) of the

Montreal Convention incorporated the "settlement inducement provision" previously contained in Article 22(4) of the Protocol Done at the Hague on September 8, 1955 (the "Hague Protocol"). (*Id.* at 9 n. 6.) American Airlines argues that the Plaintiffs' claim for attorney's fees must be stricken because, contrary to their allegations, there is no provision under Article 22(6) of the Montreal Convention that would allow them to recover attorney's fees in this case. (Mot. 3–4, ECF No. 18.) The Court agrees with American Airlines.

> Article 22(6) of the Montreal Convention states as follows:
>
> The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, ***in accordance with its own law***, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including interest. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of the litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later.

Convention for the Unification of Certain Rules for International Carriage by Air art. 22(6), May 28, 1999, S. Treaty Doc. No. 106-45 (emphasis added). Thus, the plain language of Article 22(6) contemplates an award of attorney's fees and costs only "in accordance" with the Court's "own law." *Id.* In other words, "[b]ecause the [Montreal] Convention does not create an independent basis on which attorney's fees may be awarded, domestic law governs whether the plaintiffs may seek attorney's fees." *Zubko v. Aeroméxico*, No. 17-CV-04391, 2018 U.S. Dist. LEXIS 131860, at *9, 2018 WL 3732688, at *3 (N.D. Ill. Aug. 6, 2018) (citing *Muoneke v. Compagnie Nationale Air France*, 330 F. App'x 457, 462 (5th Cir. 2009)). However, the Plaintiffs here have failed to show how an award of attorney's fees in this case would accord with the Court's own law.

Federal courts follow the "American Rule" regarding the recovery of attorney's fees. *See Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126, 135 S. Ct. 2158, 192 L. Ed. 2d 208 (2015). Under the American Rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253, 130 S. Ct. 2149, 2157 (2010) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683, 103 S. Ct. 3274, 3276 (1983)). Again, the Plaintiffs fail to point to any statutory or contractual provision that would merit an award of attorney's fees in this case. *See Muoneke v. Compagnie Nationale Air France*, 330 F. App'x 457, 462 (5th Cir. 2009) (finding that Montreal Convention does not "provide an independent basis" for awarding attorneys' fees and that the plaintiff "has

identified no federal law that permits an award of attorneys' fees in this case, and the general rule that we employ requires each party to bear his own attorneys' fees in the absence of a statute authorizing a fee award").

Although not totally clear, the Plaintiffs' argument seems to be that, Article 22(6) of the Montreal Convention incorporated the "settlement inducement provision of Article 22(4) of [the] Hague Protocol[,]" which, they contend, contemplates an award of attorney's fees where, as here, a defendant rejects a "plaintiff's pre-suit notice of claim" and "refus[es] to effectuate pre-suit settlement[.]" (Resp. 12–13, ECF No. 28.) However, the Plaintiffs' materials do not support the position that the Montreal Convention incorporated portions of the Hague Protocol. Moreover, contrary to the Plaintiffs' assertions, the Court's research reveals that the Hague Protocol on which the Plaintiffs rely amended another, separate treaty known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, signed at Warsaw, on October 12, 1929 (the "Warsaw Convention"), 49 Stat. 3000, T.S. 876 (1934), *reprinted in* note following 49 U.S.C. § 40105 (1994), which, in turn, was the predecessor to the Montreal Convention. *See Eli Lilly & Co. v. Air Express Int'l USA, Inc.*, 615 F.3d 1305, 1308 (11th Cir. 2010) ("In 1999, fifty-two nations including the United States signed the Montreal Convention, a treaty to replace the Warsaw Convention."); *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 779-81 (7th Cir. 2008) (explaining same). Thus, rather than incorporate provisions of the Hague Protocol, the Montreal Convention replaced the Warsaw Convention and its various amendments and supplementary agreements. *See Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2d Cir. 2004) (the Montreal Convention is an "entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention").

Furthermore, it appears that, while they constantly refer to "Article 22(4)" of the Hague Protocol, the Plaintiffs in fact intend to cite Article XI of that instrument, which modifies Article 22 of the Warsaw Convention to include language practically identical to that now in Article 22(6) of the Montreal Convention. Thus, even if the Court were to look at the language of the Hague Protocol, as the Plaintiffs request, the result would be the same, as the provision cited likewise contemplates an award of attorney's fees only "in accordance with the Court's own law[.]" *See* Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air art. 11, Jun. 28, 1956, S. Treaty Doc. No. 107-14; *see also Falkenberg v. AMR Corp. (In re Sept. 11 Litig.)*, 500 F. Supp. 2d 356, 364-65 (S.D.N.Y. 2007) (holding that the Hague Protocol does not itself create a right to reimbursement of attorney's fees).

Finally, the Court notes that American Airlines provides various decisions from the Northern District of Illinois rejecting the exact same arguments for attorney's fees that the Plaintiffs make here. *See, e.g.*, *Zubko v. Aeroméxico*, No. 17-CV-04391, 2018 U.S. Dist. LEXIS 131860, 2018 WL 3732688 (N.D. Ill. Aug. 6, 2018); *Dochak v. Polskie Linie Lotnicze LOT S.A.*, No. 15 C 4344, 2017 U.S. Dist. LEXIS 82488, 2017 WL 2362570 (N.D. Ill. May 30, 2017); *Bytska v. Swiss Int'l Air Line, LTD.*, No. 15-CV-483, 2016 U.S. Dist. LEXIS 163354, 2016 WL 6948375 (N.D. Ill. Nov. 28, 2016). Though those decisions are not binding on this Court, the undersigned finds them highly persuasive, not only because they are cogent and compelling, but especially because the same counsel representing the plaintiffs in those cases also represents the Plaintiffs here. It seems that, apparently undeterred by the rejection of his Article 22(6) argument in the Northern District of Illinois, Plaintiff's counsel sought to try his luck before this Court. For the reasons explained in the foregoing paragraphs, however, the Court agrees with the Northern District of Illinois decisions, and likewise rejects the Plaintiffs' argument for attorney's fees pursuant to Article 22(6) of the Montreal Convention.

### 4. Conclusion

Accordingly, for the reasons stated above, the Court grants American Airlines' motion to strike the Plaintiffs' claims for emotional harm damages and attorney's fees. (**Mot., ECF No. 18**.)

**Done and ordered**, in Miami, Florida, on December 29, 2023.

_____
Robert N. Scola, Jr.
United States District Judge